IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRAN ADLER,<br><br>                 Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Civil Action<br>No. 18-10495(SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

**I.     INTRODUCTION**

This matter comes before the Court pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant Commissioner of the Social Security Administration (hereinafter "Defendant") denying the application of Plaintiff pro se Fran Adler, as legal guardian of and former representative payee for beneficiary Daniel B. Adler, (hereinafter "Plaintiff") to be reinstated as representative payee for Mr. Adler. (See Complaint [Docket Item 1]; Motion for Pro Bono Counsel [Docket Item 19].) For the reasons set forth below, the Court shall affirm the ALJ's decision in this case and shall deny Plaintiff's motion for appointment of pro bono counsel.

**II.    BACKGROUND**

Daniel B. Adler was found entitled to Childhood Disability Insurance, effective August 2005, based on a determination of disability beginning July 8, 1996. (R. at 16.) Plaintiff is Mr. Adler's mother and appointed legal guardian. (Id.) Plaintiff was initially appointed to be the representative payee for Mr. Adler; however, on September 23, 2015, Defendant informed Plaintiff that Defendant intended to name a different representative payee for Mr. Adler. (Id.) Plaintiff appealed this decision and Defendant denied Plaintiff's appeal on October 9, 2015 in favor of

naming "Allies Inc.," operator of the group home where Mr. Adler resides, as Mr. Adler's representative payee. (Id.) Plaintiff subsequently protested this determination and requested a hearing, which was held on May 26, 2016 before Administrative Law Judge Kenneth Bossong (hereinafter "ALJ Bossong" or "the ALJ"). (Id.) Plaintiff appeared and testified at that hearing without the assistance of counsel, though she had been informed of her right to representation. (Id.) ALJ Bossong ordered Defendant to provide additional evidence, permitted Plaintiff to respond to that new evidence, and then held a supplemental hearing on March 16, 2017. (Id. at 16-17.) Plaintiff again appeared and testified without counsel, though she had been informed of her right to representation. (Id. at 17.)

On April 3, 2017, ALJ Bossong issued his opinion denying Plaintiff's appeal. (Id. at 16-27.) In that opinion, ALJ Bossong determined that Mr. Adler's interests would not be served by reinstating Plaintiff as his representative payee, because Plaintiff had previously "failed to meet the responsibilities of a representative payee." (Id. at 25-26.) Furthermore, ALJ Bossong's opinion emphasized that Defendant was not required to select Plaintiff to serve as Mr. Adler's representative payee solely because Plaintiff was appointed by the State of New Jersey to serve as Mr. Adler's legal guardian. (Id. at 26.) Finally, ALJ Bossong held that "[t]here is no merit to [Plaintiff's] allegation that [Mr. Adler's] current representative payee . . . , Allies Inc., is not a suitable payee and is not using the received funds for [Mr. Adler's] care." (Id.)

Thereafter, Plaintiff filed the present appeal with the Court. (See Complaint [Docket Item 1].) Plaintiff later filed the present motion requesting the appointment of pro bono counsel. (See Motion for Pro Bono Counsel [Docket Item 19].)

## III. STANDARD OF REVIEW

### A. Social Security Appeal

This Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court's review is deferential to the Commissioner's decision, and the Court must uphold the Commissioner's factual findings where they are supported by "substantial evidence." 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 114 (3d Cir. 2012). Substantial evidence is defined as "more than a mere scintilla," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 400 (1971); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (using the same language as Richardson). Therefore, if the ALJ's findings of fact are supported by substantial evidence, the reviewing court is bound by those findings, whether or not it would have made the same determination. Fargnoli, 247 F.3d at 38. The Court may not weigh the evidence or substitute its own conclusions for those of the ALJ. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

Regarding the Social Security Administration's authority to name a "representative payee" to receive funds on behalf of a beneficiary of a Social Security program, the Supreme Court has stated that:

> Although the Social Security Administration generally pays . . . benefits directly, it may distribute them "for [a beneficiary's] use and benefit" to another individual or entity as the beneficiary's "'representative payee.'" 42 U.S.C. §§ 405(j)(1)(A), 1383(a)(2)(A)(ii)(I); see 20 CFR §§ 404.2001, 404.2010, 416.601, 416.610. In the exercise of its rulemaking authority, see 42 U.S.C. §§ 405(a), (j)(2)(A)(ii), the Administration has given priority to a child's parent, legal guardian, or relative when considering such an appointment. 20 CFR §§ 404.2021(b), 416.621(b). While the Act and regulations allow social service agencies and custodial institutions to serve in this capacity, such entities come last in order of preference. §§ 404.2021(b)(7), 416.621(b)(7); see also 42 U.S.C. §§ 405(j)(3)(F), 1383(a)(2)(D)(ii). Whoever the appointee may be,

the Commissioner of Social Security must be satisfied that the particular appointment is "in the interest of" the beneficiary. §§ 405(j)(2)(A)(ii), 1383(a)(2)(B)(i)(II).

Washington State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler, 537 U.S. 371, 376 (2003). The Court went on to state that:

> Prior to making an appointment, the Commissioner must verify the potential representative payee's identity, connection to the beneficiary, and lack of relevant criminal record or prior misuse of Social Security funds. §§ 405(j)(2)(B), 1383(a)(2)(B)(ii); see 20 CFR §§ 404.2025, 416.625. The Commissioner must also attempt to identify any other potential representative payee whose appointment may be preferred. 42 U.S.C. §§ 405(j)(2)(A)(ii), 1383(a)(2)(B)(i)(II); see 20 CFR §§ 404.2020, 416.620.
>
> In addition, the Commissioner is required to notify the beneficiary or the beneficiary's legal guardian of her intention to appoint a representative payee. 42 U.S.C. §§ 405(j)(2)(E)(ii), 1383(a)(2)(B)(xii); see 20 CFR §§ 404.2030, 416.630. "Any individual who is dissatisfied . . . with the designation of a particular person to serve as representative payee shall be entitled to a hearing by the Commissioner," with judicial review available thereafter. 42 U.S.C. §§ 405(j)(2)(E)(i), 1383(a)(2)(B)(xi).

Id. at 376, n.1. Furthermore:

> Detailed regulations govern a representative payee's use of benefits. Generally, a payee must expend funds "only for the use and benefit of the beneficiary," in a way the payee determines "to be in the [beneficiary's] best interests." 20 CFR §§ 404.2035(a), 416.635(a). The regulations get more specific in providing that payments made for "current maintenance" are deemed to be "for the use and benefit of the beneficiary," defining "current maintenance" to include "cost[s] incurred in obtaining food, shelter, clothing, medical care, and personal comfort items." §§ 404.2040(a), 416.640(a). Although a representative payee "may not be required to use benefit payments to satisfy a debt of the beneficiary" that arose before the period the benefit payments are certified to cover, a payee may discharge such a debt "if the current and reasonably foreseeable needs of the beneficiary are met" and it is in the beneficiary's interest to do so. §§ 404.2040(d), 416.640(d). Finally, if there are any funds left over after a representative payee has used benefits for current maintenance and other authorized purposes, the payee is required to

> conserve or invest the funds and to hold them in trust for the beneficiary. §§ 404.2045, 416.645.
>
> The Act requires a representative payee to provide the Commissioner with an accounting at least annually, 42 U.S.C. §§ 405(j)(3)(A), 1383(a)(2)(C)(i) . . . . In any case, the Commissioner may order a report any time she "has reason to believe" that a payee is misusing a beneficiary's funds, §§ 405(j)(3)(D), 1383(a)(2)(C)(iv), a criminal offense that calls for revocation of the payee's appointment, §§ 405(j)(1)(A), 408(a)(5), 1383(a)(2)(A)(iii), 1383a(a)(4); see 20 CFR §§ 404.2050, 416.650.

Id. at 376–77.

    **B.    Appointment of Pro Bono Counsel**

Indigent persons raising civil claims have no absolute right to counsel. See Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If the court finds that it does, the court should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the extent to which a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See id. at 155–56, 157 n.5; see also Cuevas v. United States, 422 Fed. Appx. 142, 144–45 (3d Cir. 2011) (reiterating the Tabron factors). The Tabron list of factors is not exhaustive, nor is a single factor determinative. Parham, 126 F.3d at 458. As explained below, appointment of pro bono counsel will be denied.

## IV. DISCUSSION

### A. Appeal of the ALJ's Opinion

Plaintiff's present appeal of ALJ Bossong's opinion alleges[1] that employees of the Social Security Administration exhibited threatening and/or harassing behavior toward Plaintiff prior to terminating her representative payee status, (see Letter [Docket Item 20], 2-4 on the docket, 6-7 on the docket),[2] that Plaintiff was appropriately spending Mr. Adler's funds on his medical needs and other necessities, (see id. at 3 on the docket), and that Allies Inc., Mr. Adler's newly-designated representative payee, is mismanaging Mr. Adler's benefits. (See Complaint [Docket Item 1], 4-5 on the docket; Letter [Docket Item 21], 4 on the docket.)[3] The Court shall address each of these arguments in turn.

#### 1. Threatening and/or Harassing Behavior Toward Plaintiff

Plaintiff asserts that prior to terminating her status as the representative payee for Mr. Adler, Defendant's employees exhibited threatening and/or harassing behavior toward her. (See Letter [Docket Item 20], 2-4 on the docket, 6-7 on the docket.) Plaintiff previously raised these complaints to the ALJ. (See, e.g., R. at 487-88, 549-50, 587.) In his opinion, ALJ Bossong stated:

---

[1] As Plaintiff is representing herself pro se, the Court shall interpret Plaintiff's submissions liberally and shall draw her allegations from the numerous submissions filed on the docket, as appropriate.

[2] Insofar as Plaintiff alleges that the behavior of certain employees of the Social Security Administration towards her constitutes a violation of criminal law, (see, e.g., Letter [Docket Item 20], 6-7 on the docket), such allegations are not appropriately brought before the Court in the context of this Social Security appeal.

[3] The Complaint also makes bare allegations that Plaintiff's equal protection and due process rights have been violated and that her privacy has been invaded. (See Complaint [Docket Item 1], 3 on the docket.) However, nowhere does Plaintiff explain how she has been denied equal protection, which of her due process rights have been violated, how her right to privacy has been violated, or why any of these alleged violations are grounds to reverse or remand ALJ Bossong's opinion in this case. Therefore, the Court shall not further address these hollow allegations at this time.

> While [Plaintiff] alleged being harassed about completing [representative payee accounting] forms more frequently than is required, it is the duty of the Social Security Administration to insure that every representative payee submits accounting forms on a yearly basis and for the period from the last accounting period through the month when a representative payee's designation ends.

(Id. at 25.) ALJ Bossong went on to describe Plaintiff's refusal to submit the required representative payee accounting forms to the Social Security Administration as well as her persistent refusal to pay Mr. Adler's housing expenses to the group home run by Allies Inc.[4] (Id. at 25-26.)

In the present appeal, Plaintiff does not specify any error that she alleges was committed by the ALJ during the hearings or in his opinion with respect to this issue. (See generally Complaint [Docket Item 1]; Letter [Docket Item 21].) Rather, Plaintiff simply seeks to relitigate the arguments that she presented to ALJ Bossong during the hearings he convened. (See generally id.) Plaintiff further fails to provide any legal justification for reversing or remanding ALJ Bossong's determination that Mr. Adler's "interests are not served by sending benefit payments to [Plaintiff] because [Plaintiff] failed to meet the responsibilities of a representative payee." (R. at 25-26.) Nor does Plaintiff provide a legal justification for reversing or remanding ALJ Bossong's determinations that Defendant was not required to select Plaintiff to serve as Mr. Adler's representative payee and that "[t]here is no merit to [Plaintiff's] allegation that . . . , Allies Inc., is not a suitable [representative] payee" for Mr. Adler. (Id. at 26.)

## 2. Plaintiff's Management of Mr. Adler's Funds

Plaintiff further argues that, while serving as Mr. Adler's representative payee, she was appropriately spending Mr. Adler's funds on his medical needs and other necessities. (Letter

---

[4] ALJ Bossong further noted that Plaintiff asserts that Allies Inc. is not owed any money for Mr. Adler's housing, but that such a dispute over the propriety of the charges "is not before the [ALJ], as it pertains to an issue under the jurisdiction of the State of New Jersey." (R. at 25-26.)

7

[Docket Item 20], 3 on the docket.) However, as described, supra, ALJ Bossong found that Plaintiff had failed to submit the required representative payee accounting forms to the Social Security Administration and Plaintiff had failed to pay Allies Inc. for Mr. Adler's housing costs. As additionally described, supra, ALJ Bossong further correctly found that there is no legal requirement for the Social Security Administration to designate Plaintiff as Mr. Adler's representative payee.

Again, Plaintiff does not provide any legal justification for reversing or remanding ALJ Bossong's opinion and appears only to wish to relitigate the complaints that she previously aired in the two hearings before ALJ Bossong. (See generally Complaint [Docket Item 1]; Letter [Docket Item 21].)

### 3. Allies Inc.'s Management of Mr. Adler's Funds

Finally, Plaintiff asserts that Mr. Adler's newly-designated representative payee, Allies Inc., is mismanaging Mr. Adler's benefits. (See Complaint [Docket Item 1], 4-5 on the docket; Letter [Docket Item 21], 4 on the docket.) However, this argument was previously raised before ALJ Bossong, at which time supplemental submissions were ordered and ALJ Bossong later held a supplemental hearing to address this issue alone. (R. at 16-17.) Ultimately ALJ Bossong found that:

> Allies Inc. is properly performing [its] fiduciary duty of accounting for the funds received on behalf of [Mr. Adler]. [Allies Inc.] submitted detailed reports documenting receipt of the monthly benefits that were placed in interest-bearing accounts (Exhibit 55). Evidence was also provided of deposits and expenditures from a VISA account showing payments on behalf of the beneficiary to department stores (Kohl's, Target, Wal-Mart) and various food establishments (Shoprite, Whole Foods, Wawa) for the period from October 31, 2015 through October 31, 2016.
>
> Moreover, a "Representative Payee Accounting Report" (SSA-6324) was completed on November 23, 2016 by Allies Inc., pertaining to representative payments received for [Mr. Adler] from

8

> October 1, 2015 to September 30, 2016. It documents that [Allies Inc. was] paid $21,564.00 and used $15,423.00 for his food and housing, used $5,258.00 for clothing, education, medical and dental expenses, recreation, or personal items, and saved $853.00 (Exhibit 57). Such evidence clearly documents that Allies Inc. has properly accounted for the payments [it] receives as the representative payee for [Mr. Adler] and that the expenditures represent proper disbursements on behalf of [Mr. Adler].

(Id. at 26.) Thereafter, ALJ Bossong found "that [Plaintiff's] assertion that Allies Inc. is not properly using the payments received for [Mr. Adler] is without merit." (Id.)

Once more, Plaintiff does not identify any error committed by the ALJ during the hearings or in his opinion with respect to this case. (See generally Complaint [Docket Item 1]; Letter [Docket Item 21].) Rather, Plaintiff simply seeks to relitigate the arguments that she presented to ALJ Bossong during the hearings he convened, (see generally id.), which is not appropriate in the context of this appeal. Upon review under 42 U.S.C. § 405(g), as discussed in Part III.A. above, this Court must uphold an ALJ's factual findings where they are supported by "substantial evidence." The findings by ALJ Bossong easily meet this level of scrutiny and are therefore adopted by this Court as correct. Plaintiff fails to identify any legal justification for reversing or remanding ALJ Bossong's thorough opinion, therefore the Court shall affirm it.

### B. Motion for Appointment of Pro Bono Counsel

The Court shall now turn to Plaintiff's pending motion for the appointment of pro bono counsel. (See Motion for Pro Bono Counsel [Docket Item 19].) The Court notes that, as a threshold matter, prior to appointing pro bono counsel, a court must determine that a movant is asserting or attempting to assert claims that have some merit in fact or law. See Tabron, 6 F.3d at 155.[5] If the

---

[5] Additionally, Plaintiff demonstrated that she is capable of representing and advocating for herself in the two administrative hearings and in her written submissions to this Court.

court does not so find, then no further analysis is to be undertaken and the motion for appointment of counsel is to be denied. See id.

For the reasons set forth above, explaining why the Court will deny Plaintiff's current appeal of ALJ Bossong's opinion, the Court finds that Plaintiff's claims in this case are without merit in fact or in law and therefore do not warrant the appointment of pro bono counsel. As such, Plaintiff's present motion for the appointment of pro bono counsel, [Docket Item 19], shall be denied.

## V. CONCLUSION

For these reasons set forth above, the Court shall affirm ALJ Bossong's decision and shall deny Plaintiff's motion for appointment of pro bono counsel. An accompanying Order will be entered.


Dated: August 9, 2019                                s/ Stanley R. Chesler
                                                                                  STANLEY R. CHESLER
                                                                                  U.S. District Judge